| | |
|---|---|
| JOSEPH KRECZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE, INC.,<br><br>　　　　　　Defendant. | No. 2:18-cv-1585-JAM-GGH<br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

*PLAINTIFF'S COMPLAINT*

Plaintiff appears pro se alleging that defendant has systematically refused to address his applications of employment made in 2013 through 2015 and in 2017 despite his experience in the tech industry that he asserts qualify him for many of the job openings Google has announced over the years. These refusals are allegedly premised on Google's discrimination against him based on his age, a disability from which he suffers, and the fact that he is a naturalized citizen who emigrated from Romania. Plaintiff attaches a complaint he lodged with the EEOC complaining of the discrimination based on national origin, age and disability in 2013, ECF No. 1 at 11, and the right to sue letter he received from the Commission dated March 8, 2018, id. at 14, along with mail and email exchanges he had over the years with Google "People Operations" personnel who were responding to his applications for work consideration and various job announcements

////

released by Google over time. See e.g., id. at 15-50.¹ Apparently plaintiff was never invited for an interview as a result of his multiple applications.

*MOTION TO DISMISS*

Defendant brings a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiff has failed to state facts to support the contention that there was any discriminatory intent behind Google's failure to offer him an interview. ECF No. 7 at 1:27-2:2. Google points to plaintiff's failure to support his disability discrimination complaint with any factual specificity regarding the nature of his disability, that he is a qualified individual capable of performing the essential functions of any of the specific jobs for which he applied, or that the failure to interview him was based upon any disability. Id. at 6:14-7:12, and is purely speculating that the reason he has had not positive response to his applications *must be* because of his disability, his age, or his national origin and has not pointed to any example of an employee who got a job for which he was qualified who was younger, id. at 6:15-24, physically better fit, or favored because of his or her national origin. Id. at 7:8-16. Plaintiff's opposition to the motion does not address these issues, focusing only on Google's claim that it is misnamed in the caption to the Complaint. ECF No. 11.

*PLEADING REQUIREMENTS*

In addressing a pro se complaint the federal district courts have been instructed to apply a less stringent standard in assessing the pleadings of pro se litigants as it brings to those brought by attorneys. In the ordinary course, courts dismiss complaints where there is either "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept, 901 F.2d 696, 699 (9th Cir. 1960). When analyzing the sufficiency of a complaint the court generally accepts as true the allegations made, construes

---

¹ The will judicially notice the exchange between plaintiff and the EEOC pursuant to Federal Rule of Evidence 201(b)(2) and (c)(1). The remainder of the attachments are, of course, considered to be part of plaintiff's complaint and can be considered in terms of the allegations that can be drawn from them. See F. R. Civ. Pro. 10(c)("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). See also Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); Hal Roach Studies, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

the pleading as favorably as possible, and resolves all doubts in the pleader's favor. Lazy Y Ranch LTD v. Berens, 546 F.3d 580, 588 (9th Cir. 2008). In sum, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a charged party is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard requires the plaintiff to show more than a sheer possibility that the defendant has acted unlawfully. Id. at 662; Twombly, supra, at 556. A complaint must, therefore, go beyond mere labels and conclusions or a formulaic recitation of the elements of a cause of action. See Twombly, supra, at 555. Thus a court may "ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations" when assessing the sufficiency of a complaint. Farm Credit Service v. American State Bank, 339 F.3d 764, 767 (8th Cir. 2003).

If, however, the complaint may be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990). When the plaintiff is proceeding in pro se such leave is even more freely given as the Supreme Court has held that it must "appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" before the complaint is dismissed without leave to amend. Haines v. Kerner, 404 U.S. 519, 520-521 (1972) *citing* Conley v. Gibson, 355 U.S. 41, 45-45 (1957). In applying the standard and permitting amendment the court intends to convey no view on the merits of the claim but rather to assure that plaintiff has had the opportunity to offer proof of the to establish a claim with merit.

*AMENDING THE COMPLAINT*

Applying the standards discussed above, this court will dismiss plaintiff's First Amended Complaint with leave to file a Second Amended Complaint that meets the standards and conforms to the pleading rules found in the Federal Rules of Civil Procedure. Thus, in proffering his Amendment, if he is able, plaintiff is directed to conform to the dictates of Federal Rule of Civil Procedure 8 which requires that the complaint must contain (1) a "short and plain statement" of

3

the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims, state facts based upon which a plausible conclusion that he has been rejected for employment based on his age, his disability, or his national origin.[2] To accomplish this purpose plaintiff should focus on the elements of the claims he is attempting to plead and he can do so by reviewing the statutory and case law cited by defendant in its motion and alleging facts that will meet the legal requirements for acceptable pleading of those claims.

The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms. The plaintiff should also acquire the Local Rules of this Court so that he knows when and how various documents are to be handled. They are also available from the same sources.

Finally, any amendment plaintiff chooses to file must not refer to his prior pleading in order to make it complete. An amended complaint must be complete in itself without reference to any prior pleading. See Eastern District of California Local Rule 220. This is because, as a general rule, an amended complaint completely supersedes any prior complaint. See Pacific Bell

---

[2] Plaintiff does attach Exhibit 23 in which he excerpts from Google's website which he alleges infer they are looking for international workers rather than naturalized Americans and younger people, ECF No. 1 at 21-22. Another such reference to "age preference" is found in Exhibit 5. Id. at 23-24. These "facts" however are far too "general" in nature to satisfy the requirements of the Rule being discussed here.

4

Tele. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009)("[n]ormally, an amended complaint supersedes the original complaint"), *citing* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1477, pp 556-557 (2d ed. 1990).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of the defendant in that claim must be sufficiently alleged.

## *CONCLUSION*

In light of the foregoing IT IS HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed with leave to amend in conformity to the instructions provided above within 45 days of the issuance of this Order.

**IT IS SO ORDERED.**

Dated: October 8, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE