| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JOSEPH KRECZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE, INC., et. al.,<br><br>　　　　　Defendants. | No. 2:18-cv-01585-JAM-CKD PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Presently pending before the court is defendants' motion to dismiss. (ECF No. 17.) Plaintiff filed an opposition and defendants replied. (ECF Nos. 21, 22.) These matters came on for hearing before the undersigned on January 30, 2019 at 10:00 a.m.[1] At the hearing, plaintiff Joseph Krecz appeared on his own behalf, and Anthony DeCristoforo appeared on behalf of defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.　　BACKGROUND

Plaintiff, who proceeds *pro se*, initiated this case against Google, Inc. on May, 31, 2018, alleging that Google, Inc. systematically refused to address his numerous applications for employment, based upon age, disability, and national origin discrimination. (See generally, ECF

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

No. 1.) On October 9, 2018, after a motion to dismiss by Google, Inc., the court dismissed plaintiff's complaint for failing to sufficiently state a claim, but granted plaintiff leave to amend. (ECF No. 15.) The court specifically admonished plaintiff that any amended complaint:

> must contain a short and plain statement of plaintiff's claims, state facts based upon which a plausible conclusion [may be drawn] that he has been rejected for employment based on his age, his disability, or his national origin. To accomplish this purpose plaintiff should focus on the elements of the claims he is attempting to plead and he can do so by reviewing the statutory and case law cited by defendant in its motion and alleging facts that will meet the legal requirements for acceptable pleading of those claims.

(ECF No. 15 at 4.)[2]

On November 21, 2018, plaintiff filed the first amended complaint ("FAC"), naming additional defendants: Google North America, Inc., Alphabet, Inc., and Does 1-25. (ECF No. 16.) Plaintiff brings claims of national origin, age, and disability discrimination against defendants pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-17. (Id. at 2.)

According to the FAC, plaintiff held various computer engineering jobs at Hewlett Packard from 1992 through 2004, at which time he resigned and was approved for Social Security disability. (Id. at 4.) His disability was allegedly related to a 1997 bicycle accident that caused a traumatic brain injury, short term memory loss, stress, and anxiety. (Id.) However, plaintiff also alleges that he was deemed eligible to return to work in 2010, and that over the next several years he sent dozens of applications to Google, Inc. (Id.) According to plaintiff, he was qualified and/or over qualified for these positions, but he never received a call back or interview for any of them. (Id.) Plaintiff further alleges that

> Most job candidates that were hired into the positions for which I made application did not have as much training, expertise or real work experience as I had.
>
> Defendants, knowing that I was disabled, over forty years of age and

---

[2] On December 11, 2018, this case was reassigned to the undersigned, due to the retirement of United States Magistrate Judge Gregory G. Hollows. (ECF No. 17.)

> born in Eastern Europe but naturalized in the United States, never interviewed or even called me back, despite my superior qualifications for the thirty plus jobs I applied for that Defendants[] represented to be available (and mostly remained available for quite a while after my application was made).
>
> These facts create the inference of Defendants' discriminatory intent not to hire me based on the following protected status: disability, national origin/status and age.

(Id. at 5.)

Plaintiff attached documents to the FAC demonstrating that he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against defendant Google, Inc., and that he received a right to sue letter from the EEOC after the agency was unable to establish any violation by Google, Inc. (Id. at 7-9.)

On December 10, 2018, defendants filed the pending motion to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (ECF No. 17.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

3

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

/////

/////

4

1    III.    DISCUSSION

            Defendants assert that the FAC should be dismissed for two main reasons.  First, defendants argue that the court lacks subject matter jurisdiction over Google North America, Inc. and Alphabet, Inc. because plaintiff failed to exhaust his administrative remedies as to these defendants.  (ECF No. 17 at 3.)  Second, defendants assert the "FAC should be dismissed on the independent grounds that it fails to set forth facts sufficient to state a claim for relief that is plausible on its face."  (Id.)

            A.    Exhaustion of Administrative Remedies

            "In order to establish subject matter jurisdiction over her Title VII claim, [a] [p]laintiff [i]s required to exhaust her administrative remedies. . . . by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge."  B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002), as amended (Feb. 20, 2002) (citing 42 U.S.C. § 2000e-5(b)).  "In cases where a plaintiff has never presented a discrimination complaint to the appropriate administrative authority . . . the district court does not have subject matter jurisdiction."  Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001).  At the same time, "Title VII charges can be brought against persons not named in an E.E.O.C. complaint as long as they were involved in the acts giving rise to the E.E.O.C. claims."  Sosa v. Hiraoka, 920 F.2d 1451, 1458-59 (9th Cir. 1990).

            Here, it is undisputed that plaintiff only filed a charge with the EEOC against Google, Inc., and not the other defendants named in the FAC.  (ECF No. 16 at 7-9.)  Still, plaintiff asserts that it would be a "miscarriage of justice" if he were not allowed to add the newly-named defendants because they are wholly owned subsidiaries of Google, Inc. and that "it is likely that at least one of these entities has derivative legal responsibility for EEOC claims against Google that preceded their formation."  (ECF No. 21 at 2.)

            However, plaintiff only exhausted his administrative remedies against Google, Inc., the only defendant named in his charge of discrimination with the EEOC.  Moreover, by plaintiff's own admission, neither Google North America, Inc. nor Alphabet, Inc. were involved in the acts giving rise to plaintiff's EEOC charge because those acts "preceded their formation."  (Id.)

5

Thus, this court has no subject matter jurisdiction over Google North America, Inc. or Alphabet, Inc. related to plaintiff's claims in this matter. See B.K.B., 276 F.3d at 1099; Sommatino, 255 F.3d at 708; Sosa, 920 F.2d at 1458-59.

B.  Sufficiency of Claims

While plaintiff claims three separate and distinct causes of action based upon Google, Inc.'s failure to hire him, each is subject to the McDonnell Douglas framework. To establish a discrimination claim for failure to hire based upon protected characteristics, as here, a plaintiff must generally show that: (1) he was a member of a protected class; (2) he applied for and was qualified for a position for which the employer was seeking applications; (3) he was rejected despite his qualifications; and (4) the position was either filled by a less qualified candidate, or remained open and the employer continued to seek applications from people with comparable qualifications to plaintiff. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Dominguez-Curry v. Nevada Transp. Dep't, 424 F.3d 1027, 1037 (9th Cir. 2005).

Defendants assert that the "FAC does not meet this standard with regard to any of the protected characteristics at issue." (ECF No. 17 at 6.) Plaintiff counters that the FAC sets forth sufficient facts to state each claim he raises. (ECF No. 21 at 5-8.)

i.  *National Origin Discrimination*

Under Title VII, it is illegal for an employer to refuse to hire a person because of her national origin. 42 U.S.C. § 2000e. To state a prima face claim of national origin discrimination, a plaintiff "must offer evidence that 'give[s] rise to an inference of unlawful discrimination.'" Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1156 (9th Cir. 2010). In this context, plaintiff must demonstrate that he is a member of a protected class, he applied for and was rejected for a position for which he was qualified, and that others outside of the protected class were treated more favorably. Id.

As defendants persuasively argue, plaintiff has failed to meet this standard. "He makes no mention of the national origins of those persons who allegedly filled the positions he sought." (ECF No. 17 at 7.) Thus, he has failed to plead that anyone outside of his protected class was treated more favorably. Indeed, plaintiff's only allegation regarding other job candidates is that

"most of the candidates that were hired . . . did not have as much training, expertise or real world experience" as plaintiff. (ECF No. 16 at 5.) However, this statement is apparently mere conjecture on plaintiff's part.

Even liberally construing plaintiff's Title VII claim, it barely constitutes a recital of the elements of the cause of action. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim with facial plausibility. Iqbal, 556 U.S. at 678. The "doors of discovery [are not unlocked] for a plaintiff armed with nothing more than conclusions," as here. Id. at 679.

### ii. *Age Discrimination*

Under the ADEA, it is unlawful for an employer to fail to hire someone because he is over 40 years old. 29 U.S.C. § 623(a)(1). To state a prima facie case of age discrimination in the context of failure to hire, a plaintiff must allege that: (1) he was at least 40 years old; (2) he was qualified for the position he applied for; (3) he was rejected despite his qualifications; and (4) the position was filled by a substantially younger individual with equal or inferior qualifications, or that he was not hired under circumstances otherwise giving rise to an inference of age discrimination. See Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1049–50 (9th Cir. 2012); see also Dominguez-Curry, 424 F.3d at 1037.

Even assuming that plaintiff was over 40 years old at the time of the alleged failure to hire—which he does not specifically allege—his complaint fails to state a claim for age discrimination.

As defendants persuasively and accurately observe, plaintiff "makes no allegations about the age of the individuals that were actually hired, including whether they were under forty, or how he would know their identities or ages." (ECF No. 17 at 8.) Plaintiff has failed to plead that anyone substantially younger was treated more favorably than he was. Indeed, other than asserting that defendants knew his age, the FAC alleges no other facts that would give rise to a reasonable inference that Google, Inc. failed to hire plaintiff because of his age. Thus, even liberally construing plaintiff's age discrimination claim, he has failed to provide even a threadbare recital of the necessary elements of age discrimination.

7

### iii. *Disability Discrimination*

Under the ADA, an employer is prohibited from discriminating against a qualified individual because of that individual's disability. 42 U.S.C. § 12112(a). To state a prima facie claim of disability discrimination under the ADA, a plaintiff must allege facts that plausibly demonstrate: "(1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability." Hutton v. Elf Atochem N. Am., Inc., 273 F.3d 884, 891 (9th Cir. 2001). "With respect to the first prong, the ADA defines a 'disabled person' as an individual who has 'a physical or mental impairment that substantially limits one or more of the individual's major life activities.'" Ravel v. Hewlett-Packard Enter., Inc., 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017)

Fundamentally, plaintiff has failed to plead sufficient facts to demonstrate that he suffered a disability covered under the ADA. While he alleges that he received Social Security disability for a time, and that he suffered a traumatic brain injury, short-term memory loss, stress, and anxiety, he also asserts that he was released back to work before he began applying for the positions in question. The FAC fails to include any discussion of plaintiff's limitations at the time he was applying for these positions.

Even assuming that plaintiff did sufficiently plead that he was disabled under the ADA, he has failed to demonstrate that any persons without disabilities were treated more favorably than he was. Thus, at best, plaintiff has provided a threadbare recital of the elements of a disability discrimination claim, which is not sufficient to state a plausible claim.

Nevertheless, plaintiff asserts that the FAC pleads sufficient facts to survive a motion to dismiss. Relying on Supreme Court case law prior to Iqbal, plaintiff argues that the "pleading standard for EEOC claimants in Federal Court are not as strict as defendants would have this Court believe." (ECF No. 21 at 5.) While the court acknowledges that a plaintiff asserting employment discrimination need not prove each element of a prima facie case in order to survive a motion to dismiss in federal court, Iqbal certainly requires such a claimant to state each claim with facial plausibility. 556 U.S. at 678.

////

Here, the FAC lacks sufficient factual matter to state any claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678. Aside from plaintiff's conclusory allegations, the FAC lacks content that would allow "the court to draw the reasonable inference that" Google, Inc. failed to hire plaintiff because of any protected characteristic. Id.

C. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that a court should generally freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Five factors are frequently used to assess whether leave to amend should be granted: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether plaintiff has previously amended her complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Allen, 911 F.2d at 373.

In his opposition, plaintiff asserts that he "can and will provide plenty more" facts to support his claims in a subsequent amended complaint. (ECF No. 21 at 8.) Yet, when questioned at the January 30, 2019 hearing, plaintiff failed to specify what facts he would include. Plaintiff referenced emails he exchanged with Google, but also stated that no one at Google offered him any explanation as to why he was not given an interview. Plaintiff also indicated that he possesses fifty resumes of individuals to whom Google offered interviews for the various positions in question. At the same time, plaintiff admitted that he does not have any information regarding who Google hired for these positions.

The court is sympathetic to plaintiff's *pro se* status and the fact that plaintiff feels strongly about the merits of his case. However, plaintiff has already been granted leave to amend, and the court explicitly advised him to provide sufficient factual allegations to state his claims. (See ECF No. 15 at 4.) Still, plaintiff failed to sufficiently amend his complaint as directed, which has delayed this matter and caused defendants to file a second motion to dismiss.

Moreover, based upon plaintiff's representations at the hearing, it seems apparent that he would not be able to provide sufficient factual allegations to state a claim in any further

amendment. Therefore, the undersigned finds that further leave to amend would be futile.

IV.     CONCLUSION

For the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 17) be GRANTED.

2. The action be DISMISSED without leave to amend for failure to state a claim.

3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 1, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE