1
2
3
4
5
6
7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH KRECZ,                        No.  2:18-cv-01585-JAM-CKD PS

12              Plaintiff,

13        v.                              FINDINGS AND RECOMMENDATIONS

14   GOOGLE, INC., et al.,                (ECF No. 31)

15              Defendants.

16

17        Presently before the court is plaintiff's "Motion to request reversal" of this court's order

18   and judgment dismissing his employment discrimination action in this closed case.[1]  (ECF

19   No. 31.)  The motion is taken under submission pursuant to Local Rule 230(g), and the

20   undersigned recommends DENYING the motion.

21        In 2018, plaintiff brought this action alleging that Google, Inc., and other related

22   defendants systematically refused to address his numerous applications for employment with

23   Google, based upon age, disability, and national-origin discrimination.  (See generally, ECF

24   Nos. 1, 16.)  In February 2019, having previously allowed plaintiff to amend the complaint, the

25   undersigned recommended dismissing the action against Google for failure to state a claim, and

26   dismissing the action against the other defendants for failure to exhaust administrative remedies.

27   _____

28   [1] Because plaintiff appears pro se, this case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1   (ECF No. 24.)  In an order and judgment signed on June 3, 2019 (entered on June 4, 2019) the

2   district judge assigned to this case adopted the findings and recommendations in full and

3   dismissed the action without leave to amend.  (ECF Nos. 29, 30.)  The case was closed on June 4,

4   2019.

5          Over one year later, on December 14, 2020, plaintiff filed the instant motion.  (ECF

6   No. 31.)  Plaintiff cites no rule of federal procedure in support of the motion, but the motion is

7   styled a "MOTION to request reversal" of the June 3, 2019 dismissal order and to "Request to

8   enter judgment" against Google, Inc.  (Id. at 1.)  Accordingly, the court construes the motion as a

9   Rule 60(b) motion for relief from a judgment or order.

10         The sole basis cited for the motion is a "new letter" from Google to the Equal

11   Employment Opportunity Commission ("EEOC"), which plaintiff claims to have "just seen" in

12   November 2020.  (ECF No. 31 at 1.)  Plaintiff attaches an annotated copy of a January 23, 2014

13   statement Google submitted to the EEOC in response to plaintiff's previously filed charge of

14   discrimination.  (Id. at 3-8.)  Plaintiff argues that this letter proves that Google misled the EEOC

15   and this court and shows that Google cannot establish a "good faith" or "reasonable

16   consideration" of his employment applications.  (Id. at 1.)

17         Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

18   district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment

19   on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

20   evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

21   been satisfied . . . ; or (6) any other reason justifying relief."  Fed. R. Civ. P. 60(b).  A motion

22   under Rule 60(b) must be made "within a reasonable time," and for reasons (1)-(3) "no more than

23   a year after the entry of the judgment or order" being contested.  Fed. R. Civ. P. 60(c)(1).

24         To the extent plaintiff seeks relief under Rule 60(b)(2) by claiming the letter as newly

25   discovered evidence, the motion is untimely for failure to file within a year of the entry of

26   judgment.  See id.  Plaintiff's motion—filed some 18 months after judgment was entered—is also

27   untimely under Rule 60(b)(6), the catch-all provision.  See Hogan v. Robinson, 2009 WL

28   1085478, at *4 (E.D. Cal. Apr. 22, 2009) (Rule 60(b)(6) motion "filed over 18 months after

2

1   judgment was entered, and over two years after Plaintiffs were put on notice of the facts and

2   circumstances upon which they rely[ ]" was untimely).  But more importantly, plaintiff has failed

3   to show the "extraordinary circumstances" necessary to obtain relief under Rule 60(b)(6).  See

4   Fantasyland Video, Inc. v. County of San Diego, 505 F.3d 996, 1005 (9th Cir. Cal. 2007).

5   Notwithstanding plaintiff's characterization, the January 2014 letter contains no indication of foul

6   play in Google's defense of this case, nor does it suggest any discriminatory animus against

7   plaintiff.  To the contrary, the letter describes in great detail how plaintiff's numerous job

8   applications simply were not considered because he did not meet the qualifications of the various

9   postings.  Plaintiff's motion is thus both untimely and fails to provide any reason—let alone

10   extraordinary circumstances—warranting relief from final judgment.

11        Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's request to reopen this

12   case (ECF No. 31) be DENIED.

13        These findings and recommendations are submitted to the United States District Judge

14   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

15   days after being served with these findings and recommendations, any party may file written

16   objections with the court and serve a copy on all parties.  Such a document should be captioned

17   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18   shall be served on all parties and filed with the court within fourteen (14) days after service of the

19   objections.  The parties are advised that failure to file objections within the specified time may

20   waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

21   Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

22   Dated:  January 4, 2021

23                                    _____
                                      CAROLYN K. DELANEY
24                                    UNITED STATES MAGISTRATE JUDGE

25

26   19.1585.krec

27

28

3